United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. YOUNG, ) | No. C 06-3727 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION FOR FILING FEE EXEMPTION AND FOR QUALIFIED PROTECTIVE ORDER; DIRECTING PLAINTIFF TO PAY FILING FEE OR FILE IFP APPLICATION** |
| ) | |
| v. ) | |
| ) | |
| ALAMEDA COUNTY BOARD OF ) SUPERVISORS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | (Docket Nos. 2, 3 & 5) |

  Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action on June 12, 2006. That same date, the Court notified plaintiff in writing that the action was deficient due to his failure to pay the requisite filing fee or, instead, submit a completed court-approved in forma pauperis ("IFP") application. In said notice, plaintiff was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application within thirty days, would result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the Court's IFP application, instructions for completing it, and a return envelope. To date, plaintiff has neither paid the filing fee nor submitted a completed IFP application.

  Instead, on June 12, 2006, and again on June 29, 2006, plaintiff filed a motion for an "exemption" from filing fees. In said motion, plaintiff asserts that he is an involuntary civil detainee, being held under California's "Sexually Violent Predator Act" ("SVPA"), see Cal.

Welfare & Inst. Code §§ 6600, et seq., and cites Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000). In Page, the Ninth Circuit held that the financial reporting and fee installment requirements imposed by the Prisoner Litigation Reform Act ("PLRA"), see 28 U.S.C. §§ 1915(a)(2),(b), apply only to "prisoners," i.e., individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses. Id. Individuals with civil commitments pursuant to the SVPA are not "prisoners" within the meaning of 28 U.S.C. § 1915. Id. Although plaintiff does not have to comply with the financial reporting and fee installment requirements of the PLRA, nothing in Page, or any other authority, exempts persons detained under the SVPA from paying court filing fees. Every litigant in federal court, whether or not a prisoner, must either pay the filing fee or alternatively, by completing an IFP application, demonstrate an inability to pay such fee.

Accordingly, within **thirty days** of the date this order is filed, plaintiff shall either pay the filing fee or complete the court's IFP application.[1] Plaintiff's failure to do so will result in dismissal of this action.

In addition to the above-referenced motion, plaintiff has filed a "motion for qualified protective order." This motion is based on rules of California civil procedure, which are not applicable in federal court. Accordingly, the motion for such order is hereby DENIED.

This order terminates Docket Nos. 2, 3 and 5.

IT IS SO ORDERED.

DATED: December 8, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] Plaintiff need not complete the certificate of funds form or attach his trust account statements, as required by the PLRA, and, if granted IFP status, he will not be required to pay the filing fee in installments pursuant to the PLRA. See Page, 201 F.3d at 1139-40.