**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. YOUNG, ) | No. C 06-3727 MMC (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| ALAMEDA COUNTY BOARD OF ) SUPERVISORS, et al., ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, a civil detainee being held under California's "Sexually Violent Predator Act" ("SVPA"), see Cal. Welfare & Inst. Code §§ 6600, et seq., and proceeding pro se, filed the above-titled civil rights action on June 12, 2006. That same date, the Court notified plaintiff in writing that the action was deficient due to his failure to pay the requisite filing fee or, instead, submit a completed court-approved in forma pauperis ("IFP") application. In said notice, plaintiff was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application within thirty days, would result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the Court's IFP application, instructions for completing it, and a return envelope. Plaintiff has not paid the filing fee nor submitted a completed IFP application.

Instead, on June 12, 2006, and again on June 29, 2006, plaintiff filed a motion for an "exemption." On December 8, 2006, these motions were denied and plaintiff was again ordered to either pay the filing fee or, alternatively, to file a completed IFP application within

thirty days;[1] he was again cautioned that his failure to do so would result in dismissal of this action. No response has been received from plaintiff, and he has neither paid the filing fee nor submitted a completed IFP application.

As more than thirty days have passed since the Court's December 8, 2006 Order and plaintiff has not completed the IFP application or paid the filing fee, the above-titled action is hereby DISMISSED without prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 18, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Plaintiff was not required to submit trust account forms. See Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000).